UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW W. BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-00582 |
| | ) | |
| vs. | ) | |
| | ) | |
| ATHLETICO MANAGEMENT, LLC and MIDWEST ORTHOPAEDICS AT RUSH, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ATHLETICO MANAGEMENT, LLC | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCE INSALACO | ) | |
| | ) | |
| Third – Party Defendant. | ) | |

**THIRD-PARTY COMPLAINT FOR CONTRIBUTION**

NOW COMES the Defendant/Third-Party Plaintiff, ATHLETICO MANAGEMENT, LLC (hereinafter "ATHLETICO"), by and through its attorneys, SMITHAMUNDSEN LLC, and for its Third-Party Complaint against Third-Party Defendant, VINCE INSALACO, pleading in the alternative to its Answer to Plaintiff's Complaint, states as follows: states as follows:

**THE PARTIES/DIVERSITY OF CITIZENSHIP**

1. Plaintiff, BEASLEY, is an adult individual alleged to be residing in Greenville, South Carolina. ***See Exhibit A – Plaintiff's Amended Complaint (Doc. 70).***

2. Defendant/Third-Party Plaintiff, ATHLETICO MANAGEMENT, LLC is a Delaware limited liability company that provides physical therapy services to clients at 610 South Maple, Suite 1550, Oak Park, Illinois.

3. Defendant, MIDWEST ORTHOPAEDICS AT RUSH, LLC (hereinafter "MOR") is an Illinois limited liability company providing medical treatment to patients at 610 South Maple, Suite 1550, Oak Park, Illinois.

4. Third-Party Defendant, IDEAL MEDICAL PRODUCTS, INC. (hereinafter "IDEAL"), is a Missouri corporation with his principal place of business located in Broseley Missouri.

5. Third-Party Defendant, RIVERSEDGE PRODUCTS., INC. (hereinafter "RIVERSEDGE") is a Missouri corporation which, upon information and belief, has its principal place of business at 1287 County Road 623, Broseley, Missouri 63932.

6. Third-Party Defendant, MECHANICAL PLASTICS CORP. (hereinafter "MECHANICAL PLASTICS") is a Connecticut corporation which, upon information and belief, has its principal place of business at 110 Richards Avenue, Norwalk, Connecticut, 06854.

7. Third-Party Defendant, VINCE INSALACO, is an individual who, on information and belief, resides in Hobart, Indiana.

**OPERATIVE FACTS**

8. On June 11, 2021, Plaintiff, Andrew Beasley (hereinafter "BEASLEY") filed his First Amended Complaint against ATHLETICO MANAGEMENT, LLC (hereinafter "ATHLETICO") and others alleging personal injury sustained by him on June 18, 2019 during an appointment at Midwest Orthopedics Physical Therapy Clinic located at 610 South Maple, Suite 1550, Oak Park, Illinois while using a resistance band that was fastened to a metal wall mount

2

(IDEAL ES28 Exercise Station, hereinafter "the subject equipment") alleged to have been improperly mounted to the wall. **Exhibit A.**

9. Defendant/Third-Party Plaintiff, ATHLETICO, has filed its Answer to Plaintiff's Complaint denying all material allegations. **See Exhibit B – Athletico's Answer (Doc.73).**

10. The subject equipment used by Plaintiff, BEASLEY, at Midwest Orthopedics Physical Therapy Clinic located at 610 South Maple, Suite 1550, Oak Park, Illinois on June 18, 2019 was installed by Third-Party Defendant, VINCE INSALACO.

11. Third-Party Defendant, VINCE INSALACO, was hired by Midwest Orthopedics At Rush, LLC to install the subject equipment.

12. At all times relevant, Midwest Orthopedics At Rush, LLC held out Third-Party Defendant, VINCE INSALACO, as a qualified, experienced and knowledgeable contractor, who was capable of installing the subject equipment in a professional manner and in a manner consistent with standard construction practices. As a result, ATHLETICO relied on this representation and expected that Third-Party Defendant, VINCE INSALACO, would conduct himself in a manner consistent with standard construction practices and thus did not need any supervision or direction on the means and methods of installing the subject equipment from ATHLETICO.

13. At all times relevant, Third-Party Defendant, VINCE INSALACO, held himself out to be a qualified, experienced and knowledgeable contractor who was capable of installing the subject equipment in a professional manner and in a manner consistent with standard construction practices. As a result, ATHLETICO relied on this representation and expected that Third-Party Defendant, VINCE INSALACO, would conduct himself in a manner consistent with standard construction practices and thus did not need any supervision or direction on the means and methods of installing the subject equipment from ATHLETICO.

14. At no time during the installation of the subject equipment did ATHLETICO dictate the means and methods by which VINCE INSALACO should properly install the subject equipment into the wall.

15. Third-Party Defendant, VINCE INSALACO, selected the fasteners to be used to install the subject equipment into the wall.

16. Third-Party Defendant, VINCE INSALACO, having been hired as a qualified, experienced and knowledgeable contractor, had a duty to act reasonably and in accordance with construction industry practices in the installation of the subject equipment in a manner so as not to cause the subject equipment to dislodge from the wall.

## COUNT I – NEGLIGENCE

17. The allegations set forth above in paragraphs 1-16 are incorporated herein by reference as if set forth in full.

18. At all relevant times, Third-Party Defendant, VINCE INSALACO, installed the subject equipment in a manner which caused Plaintiff's injury as hereinafter alleged.

19. Contrary to his duty of care as alleged herein, Third-Party Defendant, VINCE INSALACO, was negligent in the following respects:

   a. Failed to install the subject equipment into a wall stud;
   b. Negligently selected the fasteners used to install the subject equipment knowing how the subject equipment would be used by ATHLETICO in providing physical therapy to patients;
   c. Negligently weakened the wall onto which the subject equipment was installed by drilling multiple holes;
   d. Failed to inform ATHLETICO that he drilled multiple holes into the wall onto which the subject equipment was installed
   e. Negligently covered the multiple holes he drilled into the wall with the subject equipment preventing ATHLETICO from seeing the condition of the wall before allowing patients and physical therapists to use the subject equipment.

20. As the direct, legal and proximate result of the aforesaid negligence of Third-Party Defendant, VINCE INSALACO, Plaintiff was injured while using the subject equipment.

4

21. That if the Defendant/Third-Party Plaintiff, ATHLETICO, should be held liable to the PLAINTIFF, then this Defendant/Third-Party Plaintiff is entitled to contribution from the Defendant/Third-Party Defendant, VINCE INSALACO, in such an amount as is necessary to adjust the liabilities of the parties according to their relative degree of culpability pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1 et. seq.

WHEREFORE, the Defendant/Third-Party Plaintiff, ATHLETICO, prays that in the event judgment is entered against it and in favor of the Plaintiff, Andrew W. Beasley, then Defendant/Third-Party Plaintiff, ATHLETICO, demands judgment for contribution in its favor and against the Defendant/Third-Party Defendant, VINCE INSALACO, in an amount commensurate with the relative degree of fault attributable to the Defendant/ Third-Party Defendant, VINCE INSALACO.

BY: *Margaret Firnstein*
One of the Attorneys for Defendant, Athletico

Margaret C. Firnstein (ARDC # 6269742)
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
(312) 894-3243
(312) 894-3210 – Fax
E-Mail:  mfirnstein@salawus.com